UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT E. WOODWARD                                                              PLAINTIFF
ADC #166447

V.                               No. 5:19CV00046-BSM-JTR

JAY BUCHMAN, Surgeon, Little Rock
Surgery Center; WENDY KELLEY,
Director, Arkansas Department of Correction;
and DEXTER PAYNE, Deputy Director, ADC                            DEFENDANTS

# ORDER

Plaintiff Robert E. Woodward is a prisoner in the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. Before Woodward may proceed with this case, the Court must screen his claims.[1] *Doc. 2.*

Woodward alleges that, after he had surgery on October 2, 2018: (1) Defendant Jay Buchman "prematurely discharged" him to return to the ADC without adequate pain medication, where he was forced to recover from surgery "on a

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

concrete slab" in his prison cell, rather than in a hospital or the prison infirmary; and (2) Defendant ADC Director Wendy Kelley is responsible for the "barbaric policy" of forcing inmates to recover from surgery in their prison cells; and (3) Defendant ADC Deputy Director Dexter Payne failed to intervene to ensure that he was provided adequate medical care. *Id. at 4-8.*

The Court concludes, *for screening purposes only*, that Woodward has pled viable § 1983 inadequate medical care claims against Defendants Buchman and Kelley, and a viable § 1983 corrective inaction claim against Defendant Payne. Thus, service will be ordered on all Defendants.

IT IS THEREFORE ORDERED that:

1. The Clerk is directed to prepare a summons for Defendant Jay Buchman. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2),* and this Order, on Buchman at Little Rock Surgery Center, 8820 Knoedl Court, Little Rock, Arkansas 72205, without prepayment of fees and costs or security therefor.

2. The Clerk is directed to prepare a summons for Defendants Wendy Kelley and Dexter Payne. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2)*, and this Order, on Kelley and Payne through the

ADC Compliance Division without prepayment of fees and costs or security therefor.[2]

DATED this 11th day of February, 2019.

*J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If either of the Defendants is no longer an ADC employee, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.